UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

WALESKA MARTÍNEZ GUTIÉRREZ,

    Plaintiff,

    v.

LEYDA BATIZ, et al.,

    Defendants.

Civil No. 03-2212 (JAF)

**OPINION AND ORDER**

Plaintiff, Waleska Martínez Gutiérrez, brings the present 42 U.S.C. §§ 1983 & 1988 (2003) action against Defendants, Leyda Batiz, Ferdinand Mercado,[1] and Marcos Vélez Green, in their personal capacities, and José M. Izquierdo Encarnación, in his offical capacity,[2] alleging violations of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution, and various state laws. U.S. CONST. amends. I, V, & XIV; Docket Document No. 1. Plaintiff seeks monetary and injunctive relief. Id.

Defendants move for summary judgment. Docket Document Nos. 64-66, and Plaintiff opposes the motion. Docket Document Nos. 72, 73.

---

[1] As Defendant Mercado is no longer the Secretary of State, he can be sued only in his personal capacity. FED. R. CIV. P. 25(d).

[2] Defendant Encarnación, who was not the Secretary of State at the time of suit, has been added to the complaint in his official capacity in accordance with Federal Rule of Civil Procedure 25(d). FED. R. CIV. P. 25(d); Docket Document No. 18.

Defendants reply to Plaintiff's opposition. Docket Document No. 78.

**I.**

**Factual and Procedural Synopsis**

Unless otherwise indicated, we derive the following factual summary from the pleadings, statements of facts, and exhibits submitted by the parties in their summary judgment and opposition motions. Docket Document Nos. 1, 27, 36.

Plaintiff, a United States citizen and resident of Puerto Rico, is employed by the Puerto Rico Department of State as an Administrative Assistant of Office Systems III. Plaintiff is a registered voter affiliated with the New Progressive Party ("NPP").

In the November 2000 elections in Puerto Rico, Sila M. Calderón, the candidate from the Popular Democratic Party ("PDP"), was elected Governor. On January 2, 2001, the Governor appointed Defendant Ferdinand Mercado, a citizen of the United States affiliated with the PDP, as Secretary of the Department of State. In February 2002, Defendant Mercado appointed Defendant Vélez Green, a citizen of the United States affiliated with the PDP, as Assistant Secretary of Examining Boards of the Department of State. At some unspecified time, Defendant Batiz, a United States citizen also affiliated with the PDP, replaced Defendant Vélez Green as the Assistant Secretary of Examining Boards of the Department of State.

On November 10, 2003, Plaintiff filed the present action, alleging that since the PDP's electoral victory in November 2000, the

Civil No. 03-2212 (JAF)                                                    -3-

work environment at the Department of State had become "politically charged," and Defendants had violated her constitutional rights. Docket Document No. 1. Plaintiff alleges that her constitutional rights were violated in contravention of § 1983 when: (1) she was not allowed to use an alternate entrance to access her work space, resulting in physical harm; (2) she was asked to help "get rid" of another employee in the Department of State, and was threatened when she refused to do so; and (3) her duties were increased to the point where she was "overloaded" with responsibilities. Docket Document No. 1. After various stays, Docket Document Nos. 30, 31, 42, and after discovery had concluded, Defendants filed a motion for summary judgment on February 15, 2006. Docket Document Nos. 64-66. On March 8, 2006, Plaintiff filed an opposition to the motion. Docket Document Nos. 72. 73. Defendants replied on April 7, 2006. Docket Document No. 78.

**II.**

**Motion for Summary Judgment Standard Under Rule 56(c)**

The standard for summary judgment is straightforward and well-established. A district court should grant a motion for summary judgment "if the pleadings, depositions, and answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see Lipsett v. Univ. of P.R.,

Civil No. 03-2212 (JAF)                                                     -4-

864 F.2d 881, 894 (1st Cir. 1988).  A factual dispute is "material" if it "might affect the outcome of the suit under the governing law," and "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a genuine issue as to a material fact is on the moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986).  This burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party. See id.  In other words, "[t]he party moving for summary judgment . . . bears the initial burden of demonstrating that there are no genuine issues of material fact for trial." Hinchey v. NYNEX Corp., 144 F.3d 134, 140 (1st Cir. 1998).  This burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.  After such a showing, the "burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor." DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (citing Celotex, 477 U.S. at 322-25).

Although the ultimate burden of persuasion remains on the moving party and the court should draw all reasonable inferences in favor of the nonmoving party, the nonmoving party will not defeat a properly

supported motion for summary judgment by merely underscoring the "existence of some alleged factual dispute between the parties"; the requirement is that there be a genuine issue of material fact. Anderson, 477 U.S. at 247-48; Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993). In addition, "factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Under Rule 56(e) of the Federal Rules of Civil Procedure, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see also Anderson, 477 U.S. at 256. Summary judgment exists to "pierce the boilerplate of the pleadings," Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992), and "determine whether a trial actually is necessary." Vega-Rodriguez v. P.R. Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

### III.
### Analysis

"Section 1983 expressly embraces actions to redress 'deprivation[s, under color of state law,] of . . . rights, privileges, or immunities secured by the Constitution.'" Pontarelli v. Stone, 930 F.2d 104, 114 (1st Cir. 1991)(quoting 42 U.S.C. § 1983). In order to state a § 1983 claim, a plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the

Civil No. 03-2212 (JAF)                                                    -6-

Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The liability of persons sued in their individual capacities under § 1983 must be gauged in terms of their own actions. Rogan v. Menino, 175 F.3d 75, 77 (11th Cir. 1999). The successful imposition of personal liability under § 1983 requires a plaintiff to prove that the defendant has been personally and directly involved in the alleged wrongful conduct or alternatively, that the alleged wrongful conduct occurred within the defendants' actual knowledge and acquiescence. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, in order to succeed in a § 1983 action, Plaintiff must prove that Defendants' actions were a cause in fact or a proximate cause of Plaintiff's injury. See Collins v. City Harker Heights, 503 U.S. 115 (1992); Voutour v. Vitale, 761 F.2d 812, 820 (1st Cir. 1985).

Defendants aver that: (1) Plaintiff has failed to establish a prima facie § 1983 claim; and (2) even assuming arguendo that she did, her constitutional claims are insufficient as a matter of law. Docket Document No. 64.

Plaintiff opposes the motion for summary judgment by arguing that the evidence relied upon by Defendants - Plaintiff's personnel file from the Puerto Rico Department of State - is inadmissible, as it constitutes hearsay and has not been authenticated. Docket Document Nos. 72, 73. Plaintiff contends that Defendants' motion for summary judgment should consequently be denied as they have failed to

provide this court "with any evidence on the record from which to determine whether or not genuine issues of material fact remain for trial." Docket Document No. 72.

While Defendants have the burden of establishing the nonexistence of a genuine issue as to a material fact, they may discharge this duty by either producing their own evidence or by pointing to an absence of evidence in support of the nonmoving party's case. Celotex, 477 U.S. at 325, 331. We do not reach Plaintiff's objections in regards to the admissibility of the evidence submitted by Defendants, as we find that Plaintiff has failed to provide any evidence that would allow a reasonable jury to return a verdict in her favor. In response to a summary judgment motion, a non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). As we discuss below, Plaintiff has failed to provide any support to her allegations that Defendants have violated her constitutional rights to due process, equal protection of the laws, and freedom of association under the First, Fifth, and Fourteenth amendments. U.S. CONST. amends. I, V, & XIV; Docket Document No. 1.

**A.   Due Process Claim**

Plaintiff's due process claim depends on her having been deprived of a property right without due process of law.

1  Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 40 (1st Cir. 1993)
2  (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)).
3  "To establish such a right, 'a person clearly must have more than an
4  abstract need or desire for it. [Sh]e must have more than a
5  unilateral expectation of it. [Sh]e must, instead, have a legitimate
6  claim of entitlement to it.'" Id. (quoting Board of Regents v. Roth,
7  408 U.S. 564, 577 (1972)).  Constitutionally cognizable property
8  interests are not created by the Constitution itself; rather, they
9  are creatures of independent rules and understandings, such as state
10 law.  Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352 (1st Cir.
11 1992).

12      We note that under Puerto Rico law, employees with 'career'
13 status have property rights in their continued employment.  Id.
14 (citing Kauffman v. Puerto Rico Tel. Co., 841 F.2d 1169, 1173 (1st
15 Cir. 1988)). Assuming that Plaintiff is a career-status employee, we
16 observe that she has not been terminated from her job at the
17 Department of State, nor has she been demoted in title or faced a
18 salary reduction since the November 2000 elections.  Plaintiff
19 alleges that she has been deprived of her property interest in the
20 functions and responsibilities of her position.  Docket Document
21 No. 1.  However, under Puerto Rico law, public employees do not have
22 a property interest in the specific functions they perform.
23 Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005)

Civil No. 03-2212 (JAF)                                              -9-

(citing <u>Rosado de Velez v. Zayas</u>, 328 F. Supp. 2d 202, 212 (D.P.R. 2004)).

Even taking all facts alleged in Plaintiff's complaint as true, we cannot identify, nor does Plaintiff explain, what legitimate property interest Plaintiff has had usurped. Plaintiff's property interest in her continued employment has not been compromised, retaining as she does the same job title and salary she possessed during the NPP administration. Although Plaintiff complains that her duties and responsibilities have changed, this does not constitute a valid property interest recognized under Puerto Rico law. <u>Ruiz-Casillas</u>, 415 F.3d at 134. We, therefore, find that Plaintiff has not established a valid due process claim.

**B.   Equal Protection Claim**

Plaintiff next alleges that Defendants' behavior violated her right to equal protection of the law. <u>Docket Document No. 1</u>. Under the Equal Protection Clause of the Fourteenth Amendment, similarly situated persons are entitled to receive similar treatment at the hands of government actors. <u>Aponte-Torres v. Univ. of P.R.</u>, 2006 U.S. App. LEXIS 9317, 13-14 (1st Cir. 2006) (citing <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985)). "To plead a viable equal protection claim, a plaintiff must allege facts indicating selective treatment 'compared with others similarly situated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional

Civil No. 03-2212 (JAF)                                                          -10-

rights, or malicious or bad faith intent to injure a person.'" Aponte-Torres, 2006 U.S. App. LEXIS at *13 (quoting Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001)).

A party who asserts that governmental action violates the Equal Protection Clause must show that she is the victim of intentional discrimination. Zayas, 328 F. Supp. 2d at 212 (citing Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 67 (1981)). Plaintiff "must prove not only that Defendants were aware of Plaintiff['s] membership in a protected group, but also that they acted because of it." Id. (citing Pers. Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979)). Plaintiff must provide the court with something more than merely "juxtaposing a protected characteristic -- someone else's politics -- with the fact that plaintiff was treated unfairly." Santiago v. Perez, 2005 U.S. Dist. LEXIS 34704 (D.P.R. 2005) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 58 (1st Cir. 1990)).

Although Plaintiff claims that "the evidence will show that Defendants were acutely aware of plaintiff's political affiliation," and that "sufficient facts will be adduced to support an inference of discriminatory animus," Docket Document No. 53, there is nothing in the record to support this assertion. In Negron Torres v. State Ins. Fund Corp., the First Circuit noted that "proving a causal link between a challenged personnel action and an asserted political

Civil No. 03-2212 (JAF)                                                -11-

animus requires more than merely juxtaposing a person's political affiliation with the fact that he arguably was treated unfairly. By the same token, the fact that those charged with making personnel decisions are affiliated with a political party different than an unsuccessful aspirant's, without more, will not suffice to show political discrimination and thereby forestall summary judgment." 18 Fed. Appx. 7, 10 (1st Cir. 2001) (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 58 (1st Cir. 1990); Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 7-8 (1st Cir. 2000); Kauffman, 841 F.2d at 1172).

In order to prevail against a motion for summary judgment, "a plaintiff must point to evidence in the record that would permit a rational fact finder to conclude that the challenged personnel action occurred and stemmed from a politically based discriminatory animus." Santiago, 2005 U.S. Dist. LEXIS 34704 (citing Rivera-Cotto, 38 F.3d at 614). Plaintiff has failed to provide any evidence asserting that Defendants were aware of her political affiliation, let alone that the employment actions in question were motivated because of such affiliation. It is well established in this circuit that "speculative assertions regarding political discrimination are not enough to withstand a Rule 56 motion." Negron Torres, 18 Fed. Appx. at 10 (citing Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 414 (1st Cir. 2000); Rivera-Cotto v. Rivera, 38 F.3d 611, 613-14 (1st Cir. 1994)). Plaintiff has failed to provide any evidence in the record that would

permit a rational fact finder to conclude that Defendants' actions were based on a politically based discriminatory anumus. As such, we must dismiss Plaintiff's equal protection political discrimination claims.

**C.   First Amendment Claim**

Plaintiff's final claim asserts that Defendants deprived her of her First Amendment rights due to her political affiliation. Docket Document No. 1. The First Amendment protects "non-policymaking" public employees from adverse employment actions based on their political affiliation or opinion. Gonzalez-Pina v. Guillermo Rodriguez, 407 F.3d 425, 431 (1st Cir. 2005) (citing Rutan v. Republican Party of Ill., 497 U.S. 62, 74-76 (1990)). "To establish a prima facie case of political discrimination, plaintiffs must first show that party affiliation was a substantial or motivating factor behind an adverse employment action." Id. (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). In political discrimination claims involving changed work conditions, the First Circuit has held that plaintiffs "must establish by clear and convincing evidence that their work situation is 'unreasonably inferior' to the norm, and then persuade, by a preponderance of the evidence, that political affiliation motivated the adverse employment action." Id. (citing Agosto-de-Feliciano v. Aponte-Roque, 889 F.2d 1209, 1217-20 (1st Cir. 1989)).

Civil No. 03-2212 (JAF)                                                    -13-

As with all of her other claims, Plaintiff has failed to provide any support for her allegation beyond that which is contained in her complaint. While we are not convinced that the actions Plaintiff complains about amounts to "unreasonably inferior" work conditions, we need not reach the issue as Plaintiff has failed to show that the allegedly adverse employment decisions she suffered were motivated by political animus. See Gonzalez-Pina, 407 F.3d at 432 ("We need not decide, however, whether [Plaintiff] established such "unreasonably inferior" conditions. Since [Plaintiff] failed to show that the adverse employment decisions were motivated by political animus, this ends our inquiry.")

Plaintiff has presented her claims in a perfunctory manner, failing to respond to Defendants' contention that she has failed to establish a prima facie § 1983 case. Docket Document Nos. 72, 73. In this Circuit, "it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." Hernandez v. Smith Kline Beecham Pharm., 2005 U.S. Dist. LEXIS 27995 (D.P.R. 2005) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). There is no evidence in the record to support the Plaintiff's case, and we thus find that Defendants have discharged their burden of establishing the nonexistence of a genuine issue as to a material fact. Celotex, 477 U.S. at 325. We agree with Defendants that Plaintiff has failed to establish a prima facie case

Civil No. 03-2212 (JAF)                                                         -14-

of political discrimination and we must, therefore, dismiss her claims.

## IV.

## Conclusion

In accordance with the foregoing, we **GRANT** Defendants' summary judgment motion. Docket Document Nos. 64-66. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Docket Document No 1. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of May, 2006.

                                        S/ José Antonio Fusté
                                         JOSE ANTONIO FUSTE
                                         Chief U.S. District Judge